PHILIP J. REINHARD, PLAINTIFF-APPELLEE, v. EGG HAR-
BOR CITY, A MUNICIPAL CORPORATION, DEFENDANT-
APPELLANT.

Submitted January 17, 1939—Decided May 5, 1939.

Before BROGAN, CHIEF JUSTICE, and Justices BODINE and
HEHER.

For the plaintiff-appellee, *Garrison & Weaver* (*William I.
Garrison,* of counsel).

For the defendant-appellant, *Richard S. Mischlich* (*Wil-
liam Charlton,* of counsel).

BROGAN, CHIEF JUSTICE.  In this case it appears that the Court of Common Pleas of Atlantic County struck out the answer of the defendant and awarded a final judgment to the plaintiff.  The defendant appeals.

The plaintiff was the elected City Marshal of Egg Harbor City and says in his complaint that his salary as such was, by ordinance, fixed by the governing body at the sum of $2,000 per annum, but that from the year 1933 to 1936, inclusive, the municipality deducted or withheld the payment of $400 of this salary each year, which represented a twenty per cent. deduction.  He sued for the difference.

The defendant municipality sets up several defenses saying that in the year 1932 the plaintiff, with others, and because of the financial depression, consented in writing to a ten per cent. reduction of their respective salaries.  This ten per cent. reduction is conceded by the plaintiff to have been made upon his written authority.  The defendant further says that for the ensuing years in question, the financial condition of the municipality being worse, the salaries of all the employes of the municipality were reduced by twenty per cent. without protest, oral or written, on the part of this plaintiff.  The plaintiff moved that this answer be struck out and that a final judgment be entered for him in the amount of $1,600 and interest, representing the reductions so made, which was done.

In support of his motion to strike out, plaintiff presented an affidavit stating that he signed a waiver of ten per cent. of his salary for the year 1932, but that "when he was *approached* during the years 1933, 1934, 1935 and 1936, he refused to sign such a waiver and refused to accept a reduction."  He does not say by whom he was "approached" during these years.

Now as against this and in support of the answer, six affidavits are filed, five of them signed by members of the governing body, one by the city clerk.  Each of the affiant members of the governing body says that at no time did the plaintiff appear before the council and object to the reduction in his salary, nor did he file any protest or communicate at all with the common council on the matter, nor appear at any budget hearings to register any objection to the reduced pay.

The city clerk says in his affidavit that each week the plaintiff called at the city clerk's office, received his salary check, but never registered any complaint or protested about the amount. The clerk also says that he is the keeper of records and minutes and that no protest was ever lodged with the governing body.

A consideration of these discrepant allegations—that the plaintiff had never waived his right to his fixed salary (except in 1932) and that in addition he protested against the reduction in pay to the mayor and other members of the council, as against the sworn statements that the plaintiff each week received his salary without protest and never registered any complaint against the reduction—makes it manifest that a fact issue arose which should not have been determined by the court but by a jury. *VanderBurgh* v. *County of Bergen,* 120 *N. J. L.* 444; *Orlando* v. *County of Camden,* 121 *Id.* 46. It is never the province of the court to determine the truth or falsity of discordant allegations advanced on motions to support or defeat a pleading. *Jaeger* v. *Naef,* 112 *Id.* 417; *Eday Fabrics* v. *Seymour Dress Co.,* 116 *Id.* 251.

The judgment will be reversed, the answer reinstated, and costs will await final determination.